# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34051

IN THE MATTER OF: JOHN DOE I, A MINOR. )
)
_____ )
JOHN DOE II AND JANE DOE II, husband )
and wife, )
)
    Plaintiffs-Appellants, )
)
v. )
)
JOHN DOE III, an individual, and JANE )
DOE III, an individual, )
)
    Defendants-Respondents. )

Boise, February 2008 Term

2008 Opinion No. 22

Filed: February 15, 2008

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. D. Duff McKee, District Judge; Hon. Russell A. Comstock, Magistrate Judge.

The appeal is dismissed and the case is remanded with instructions to correct the judgment.

Derek A. Pica, Boise, for appellants.

_____

EISMANN, Chief Justice.

This is an appeal from an order appointing the Appellants as guardians of their grandson but refusing to also grant them custody under Idaho Code § 32-717(3). We dismiss the appeal as moot, but instruct the magistrate judge to correct a reference to the wrong code section in the order.

## I. FACTS AND PROCEDURAL HISTORY

The Appellants are the maternal grandparents of a child born on May 16, 2003. The child has resided with the Appellants since his birth, and they have been his sole caretakers and providers. The child's parents were not married.

Appellants filed this action on September 2, 2005, seeking grandparent custody pursuant to Idaho Code § 32-717(3). The child's alleged father appeared and denied paternity, but subsequent genetic testing established that he was the child's biological father. The mother was duly served but did not appear.

The magistrate judge questioned whether the Appellants could obtain custody under Idaho Code § 32-717(3) where no divorce action had been filed between the child's parents. In response, the Appellants filed an amended complaint on May 24, 2006, adding a claim that they be appointed the child's guardians.

The matter was heard on July 24, 2006, and neither the child's father nor his mother appeared at the hearing. Three days later, the child's father signed a consent to the appointment of the Appellants as the child's guardians. On August 11, 2006, the magistrate court entered an order appointing the Appellants as guardians of the child, ruling that Idaho Code § 32-717[1] did

---

[1] Idaho Code § 32-717 provides:

**CUSTODY OF CHILDREN – BEST INTEREST.** (1) In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:
  (a) The wishes of the child's parent or parents as to his or her custody;
  (b) The wishes of the child as to his or her custodian;
  (c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
  (d) The child's adjustment to his or her home, school, and community;
  (e) The character and circumstances of all individuals involved;
  (f) The need to promote continuity and stability in the life of the child; and
  (g) Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the child.

(2) If the parent has a disability as defined in this section, the parent shall have the right to provide evidence and information regarding the manner in which the use of adaptive equipment or supportive services will enable the parent to carry out the responsibilities of parenting the child. The court shall advise the parent of such right. Evaluations of parental fitness shall take into account the use of adaptive equipment and supportive services for parents with disabilities and shall be conducted by, or with the assistance of, a person who has expertise concerning such equipment and services. Nothing in this section shall be construed to create any new or additional obligations on state or local governments to purchase or provide adaptive equipment or supportive services for parents with disabilities.

(3) In any case where the child is actually residing with a grandparent in a stable relationship, the court may recognize the grandparent as having the same standing as a parent for evaluating what custody arrangements are in the best interests of the child.

(4) As used in this chapter:

2

not apply where no divorce action had been filed, and dismissing Appellants' claim for grandparent custody.

The Appellants timely appealed to the district court, which upheld the determination of the magistrate judge that Idaho Code § 32-717(3) did not apply to this case. Appellants then timely appealed to this Court.

## II. ANALYSIS

The sole issue raised by Appellants is whether the magistrate court erred in holding that Idaho Code § 32-717(3) is only applicable in divorce actions. The real issue is whether this case is moot.

In its appellate decision, the district court questioned whether there was any controversy to adjudicate. The Appellants have been appointed guardians of their grandson. Neither of the child's parents contests that order. Assuming that Appellants can obtain a custody order under

(a) "Adaptive equipment" means any piece of equipment or any item that is used to increase, maintain or improve the parenting capabilities of a parent with a disability.

(b) "Disability" means, with respect to an individual, any mental or physical impairment which substantially limits one (1) or more major life activities of the individual including, but not limited to, self-care, manual tasks, walking, seeing, hearing, speaking, learning or working, or a record of such an impairment, or being regarded as having such an impairment. Disability shall not include transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, other sexual behavior disorders, substance use disorders, compulsive gambling, kleptomania or pyromania.

Sexual preference or orientation is not considered an impairment or disability. Whether an impairment substantially limits a major life activity shall be determined without consideration of the effect of corrective or mitigating measures used to reduce the effects of the impairment.

(c) "Supportive services" means services which assist a parent with a disability to compensate for those aspects of their disability which affect their ability to care for their child and which will enable them to discharge their parental responsibilities. The term includes specialized or adapted training, evaluations, or assistance with effective use of adaptive equipment, and accommodations which allow a parent with a disability to benefit from other services, such as braille texts or sign language interpreters.

(5) Nothing in this chapter shall be construed to allow discrimination on the basis of disability. In any case where the disability of a parent is found by the court to be relevant to an award of custody of a child, the court shall make specific findings concerning the disability and what effect, if any, the court finds the disability has on the best interests of the child.

(6) With reference to this section, when an active member of the Idaho national guard has been ordered or called to duty as defined in section 46-409, Idaho Code, or when a member of the military reserve is ordered to active federal service under title 10, United States Code, such military service thereunder shall not be a substantial or material and permanent change in circumstance to modify by reducing the member's previously decreed child custody and visitation privileges.

3

Idaho Code § 32-717(3), how would that order give them any additional relief or rights regarding their grandson? That was a question that the writer of this opinion desired to ask Appellants' counsel during oral argument, but he failed to appear for the argument. He did address the issue in the brief he submitted, stating:

> The fact that the magistrate court granted [Appellants] guardianship of their grandson is irrelevant as to whether they are entitled to relief pursuant to Idaho Code § 32-717. Idaho Code § 32-717(3) differs from the guardianship statutes in that it provides grandparents <u>equal</u> standing with natural parents if the child of whom custody is sought resides with them. Without a court order granting them legal and physical custody, [Appellants] would have no ability to act legally on behalf of their grandson or prevent his parent(s) who had little or no contact since birth from suddenly coming in and taking custody of him, thereby affecting his emotional and physical stability and well being.

The asserted need for a custody order issued pursuant to Idaho Code § 32-717(3) in addition to the order appointing Appellants as guardians is apparently based upon counsel's misunderstanding of what a guardianship is. As guardians, Appellants have custody of their grandson. "A guardian of a minor has the powers and responsibilities of a parent who has not been deprived of custody of his minor and unemancipated child . . . ." I.C. § 15-5-209. "Unless it is otherwise indicated in the order of guardianship, a court appointed guardian of a minor child is entitled to the custody of the ward. Custody is but an incident of guardianship." *In re Revello*, 100 Idaho 829, 832, 606 P.2d 933, 936 (1979). "The guardian is empowered to facilitate the ward's education, social, or other activities and to authorize medical or other professional care, treatment, or advice." I.C. § 15-5-209(c). Until the guardianship is terminated, the guardian's right to custody of the minor is superior to that of the minor's parent. *Id.* Thus, granting the Appellants custody under Idaho Code § 32-717(3) would not give them any greater rights with respect to their grandson than they already have as his guardians.

"This Court is obliged to raise mootness *sua sponte* because it is a jurisdictional issue." *Webb v. Webb*, 143 Idaho 521, 524, 148 P.3d 1267, 1270 (2006). "A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Goodson v. Nez Perce Bd. of County Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000). "The appellants have received all the relief to which they might have been found to be entitled. Only hypothetical questions remain. It being impossible for this court to grant appellants other or additional relief, we will not proceed to formal judgment on the hypothetical

4

issues but will dismiss the appeal." *Dorman v. Young*, 80 Idaho 435, 437, 332 P.2d 480, 481 (1958).

Even though we are dismissing the appeal, there is one correction that needs to be made in the order appointing Appellants as guardians. The order, which was prepared by Appellants' counsel, states that the Appellants "are appointed guardians of [their grandchild] with all powers and duties set forth in Idaho Code § 15-5-312." That statute does not apply to the appointment of a guardian for a minor. It applies to the appointment of a guardian for an incapacitated person who is not a minor.[2] On remand, the magistrate judge should correct the order to refer to the correct code section.

### III. CONCLUSION

The appeal is dismissed and the case is remanded with directions to amend the order appointing Appellants as guardians of their grandson to reflect the correct code section.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

---

[2] Idaho Code § 15-5-312 begins, "(a) A guardian of an *incapacitated person* has the powers and responsibilities of a parent who has not been deprived of custody of his unemancipated minor child . . . ." (Emphasis added). An "incapacitated person" is defined as "any person who is impaired, *except by minority*, . . . ." I.C. § 15-5-101(a) (emphasis added). The powers and duties of the guardian of a minor are set forth in Idaho Code § 15-5-209.