# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38351

| | |
|---|---|
| ROBERT NICHOLAS ARAMBARRI, | ) |
| | ) **Boise, February 2012 Term** |
| Plaintiff-Appellant, | ) |
| | ) **2012 Opinion No. 50** |
| v. | ) |
| | ) **Filed: March 8, 2012** |
| RICHARD ARMSTRONG, Director of | ) |
| IDAHO DEPARTMENT OF HEALTH | ) **Stephen W. Kenyon, Clerk** |
| AND WELFARE, | ) |
| | ) |
| Defendant-Respondent. | ) |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

The judgment of the district court is <u>affirmed</u>. Neither party is awarded attorney's fees. Costs are awarded to respondent.

Douglas J. Balfour, Chtd., Pocatello, for appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Mark V. Withers argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Robert Arambarri ("Arambarri") was Regional Director of Region VI with the Idaho Department of Health and Welfare ("the Department"). In this capacity, he was a non-classified, at-will employee serving at the pleasure of the Director of the Department ("the Director"). Due to budget reductions, four of the seven regional director positions, which included Arambarri's position, were eliminated by the Director. Responsibility for the seven administrative regions was consolidated in the remaining three regional directors. Arambarri contends that the Director did not have the statutory authority to abolish those positions. He further contends that the Idaho Board of Health and Welfare ("the Board") did not properly concur with a formal vote in the elimination of the four regional director positions pursuant to I.C. § 56-1002(3).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Idaho Code section 56-1002(3) provides that "[e]ach substate administrative region shall be headed by a regional director who shall be appointed by and serve at the pleasure of the [D]irector with the concurrence of the [B]oard." Traditionally, the Director has appointed seven regional directors to administer the seven administrative regions. Due to budget constraints, the Legislature required the Department to reduce its personnel budget by five percent for the fiscal year beginning on July 1, 2009. The Director did this by "reducing the workforce of [the Department] by [twenty-three] positions through layoffs and abolishment of certain positions, by trimming hours in three additional positions, by holding approximately [twenty-seven] additional positions vacant for the fiscal year, and by implementing furloughs for employees." In order to preserve the critical service delivery positions that Idaho citizens depend on within the Department, the Director also focused his budget cuts on "streamlining administration."

As a result of the Director's streamlining efforts, he abolished the positions of four of the seven regional directors. In relating his rationale for his streamlining efforts to the Board on May 21, 2009, the Director stated that:

> In an effort to reduce the personnel budget, the decision has been made to hub responsibilities of the Regional Directors. The positions will be cut to three, which will reduce the personnel by $500,000. Community development activities will lessen, but maintaining the three positions will ensure some support at the local level.

Responsibility for the seven administrative regions was consolidated in the remaining three regional directors. Thus, all seven administrative regions still exist and each administrative region is headed by a regional director, but each regional director heads more than one region.

Five voting Board members and one non-voting member of the Board submitted affidavits which assert that they concurred with the Director's streamlining decision at a Board meeting by not objecting so long as three regional directors remained to head the seven administrative regions. They also assert that it is the general "practice of the Board for [its] members to express objections or concerns if they do not concur with an action or plan promulgated by the Director." The Board includes seven voting members and four non-voting members. The affidavit of Stephen Weeg ("Weeg"), a voting member of the Board, who was present at that meeting, contends that the Board members did not concur with the decision of the Director because no vote was taken at the Board meeting. Instead, the Director merely reported his decision to cut the four regional director positions to the Board. In asserting that a formal

vote should have been taken at that meeting in order to eliminate those positions, Weeg points out that, in the past, when the Director nominated a candidate for a regional director position, the Board was required to take a formal vote.

Since January of 1991, Arambarri was Regional Director of Region VI. In this position, Arambarri was a non-classified, at-will employee. He was not subject to a contract of employment. On June 12, 2009, Arambarri's position was abolished due to the Director's streamlining efforts.

Arambarri was planning on retiring in the summer of 2010. After the consolidation of his position, Arambarri allegedly opted to retire early,[1] while the other three regional directors were laid-off. Even though Arambarri notified the Department of his intent to retire and accepted PERSI retirement benefits, Arambarri later filed for unemployment benefits contending that he was laid-off from his position.

Arambarri filed his Complaint on January 27, 2010, contending that the Director violated I.C. § 56-1002(3) by consolidating the seven administrative regions. In his Complaint, Arambarri seeks reinstatement for all the eliminated regional director positions and damages for his lost wages and benefits. The Director filed his Motion for Summary Judgment on August 6, 2010, contending that the plain meaning of I.C. § 56-1002(3) asserts that he has the authority to eliminate the regional director positions and that the Board properly concurred with the Director's streamlining efforts.

On September 15, 2010, Arambarri filed his Motion to Strike, which contends that the affidavits of the Director and David Taylor ("Taylor"), Deputy Director for Support Services with the Department, are barred pursuant to I.R.C.P. 56(e) because they contain inadmissible hearsay, statements that are not based on personal knowledge or competency, and statements that make legal conclusions. The affidavits of the Director and Taylor reiterate, among other things, that it is their opinion that the four regional director positions were eliminated due to budget cuts and that the Director has the authority to eliminate those positions. They further assert that it is

---

[1] In his affidavit, Arambarri stated:

> I did not retire, but I took my benefits from PERSI as I was now unemployed and needed the money. I applied for unemployment. The [D]epartment did not contest my unemployment . . . . I received unemployment, and those benefits terminated in January 2010. I began temporary employment in February 2010, which ended in July 2010.

3

their belief that the Board concurred with the Director's decision by not objecting so long as three of the regional directors remained to administer the seven administrative regions.

On November 12, 2010, the district court issued its Memorandum Decision and Order granting the Director's Motion for Summary Judgment and holding that there was nothing in the plain meaning of I.C. § 56-1002(3) to indicate that each administrative region must be headed by an individual regional director. The Memorandum Decision and Order also denied Arambarri's Motion to Strike. Thereafter, the district court filed its Judgment on November 18, 2010. Arambarri timely filed his Notice of Appeal on December 2, 2010.

### III. ISSUES ON APPEAL

1. Whether Arambarri has standing and whether his claim is moot?
2. Whether the Director has the statutory authority to eliminate the regional director positions?
3. Whether the district court erred when it denied Arambarri's Motion to Strike the affidavits of Armstrong and Taylor?
4. Whether Arambarri is entitled to attorney's fees on appeal?
5. Whether the Director is entitled to attorney's fees on appeal?

### IV. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005).

### V. ANALYSIS

#### A. Arambarri Has Standing and His Claim Is Not Moot

The Director contends that Arambarri does not have standing to assert his claim that the Director did not comply with I.C. § 56-1002(3) because Arambarri is an at-will employee, who can only assert citizen standing. The Director also contends that even if Arambarri can allege sufficient injury in fact and traceability, his claims are either moot or are not redressable because this Court cannot require the Director to reappoint an at-will employee. Furthermore, even if Arambarri were reinstated, he would likely not keep his job long because of his status as an at-

4

will employee and because the majority of the voting Board members submitted affidavits which assert that they concurred with the Director's decision by not objecting.

Neither the district court nor the Director addressed the issues of standing or mootness in the prior proceedings. Thus, these issues are raised for the first time on appeal. "Generally issues raised for the first time on appeal will not be considered." *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004). However, because the issues of standing and mootness are jurisdictional, they can be raised at any time, including for the first time on appeal. *See Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 231, 254 P.3d 1224, 1227 (2011); *In re Doe I*, 145 Idaho 337, 340, 179 P.3d 300, 303 (2008). This Court also has a duty to raise the issues of standing and mootness sua sponte. *Johnson v. Blaine Cnty.*, 146 Idaho 916, 924, 204 P.3d 1127, 1135 (2009); *In re Doe I*, 145 Idaho at 340, 179 P.3d at 303.

*1. Standing*

In order to satisfy the requirement of standing, the petitioner must allege or demonstrate a distinct palpable injury in fact; that the injury is fairly traceable to the challenged conduct; and that there is a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Martin v. Camas Cnty. ex rel. Bd. of Comm'rs*, 150 Idaho 508, 513, 248 P.3d 1243, 1248 (2011); *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006). "But even if a showing can be made of an injury in fact, standing may be denied when the asserted harm is a generalized grievance shared by all or a large class of citizens." *Young v. City of Ketchum*, 137 Idaho 102, 104–05, 44 P.3d 1157, 1159–60 (2002). An interest as a concerned citizen in seeing that the government abides by the law does not confer standing. *Id.*

In his Complaint, Arambarri seeks reinstatement for himself and the three other eliminated regional directors. He also seeks damages for his lost wages and benefits. Arambarri has alleged sufficient injury in fact, traceability and redressibility with regard to his request for damages for his lost wages and benefits. Such claims are personal to Arambarri and have adversely impacted him. If the Director did not have statutory authority to eliminate his position, Arambarri has been injured economically and might be entitled to back-pay. Therefore, Arambarri has standing. However, Arambarri has not alleged sufficient injury in fact, traceability and redressibility with regard to his request that this Court reinstate the three other regional directors whose positions were eliminated by the Director.

*2. Mootness*

5

An issue is moot if it "does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). An "issue is also moot if a favorable judicial decision would not result in any relief or the party lacks a legally cognizable interest in the outcome." *See Rogers*, 140 Idaho at 227, 91 P.3d at 1131.

Arambarri's claims are not moot because, as mentioned before, if this Court were to hold that the Director did not have statutory authority to eliminate his position, he might be entitled to damages.

**B.      The Director Has the Statutory Authority to Eliminate the Four Regional Director Positions**

Arambarri contends that the plain meaning of I.C. § 56-1002(3) requires a separate regional director for each of the seven administrative regions. He also gleans this requirement from the legislative history of I.C. § 56-1002, which he contends provides for a Department with decentralized administration. Arambarri further asserts that in order to eliminate the regional director positions, the Board was required to concur with the Director's decision with a formal vote, primarily because this is what is required to confirm the appointments of the regional directors. Arambarri finally asserts that even if the Board was not required to concur with the Director's decision with a formal vote, the Board did not generally concur as evidenced by Weeg's affidavit.

"The interpretation of a statute is a question of law over which this Court exercises free review." *Doe v. Boy Scouts of Am.*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009). Judicial interpretation of a statute begins with an examination of the statute's literal words. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). "This Court interprets statutes according to their plain, express meaning and resorts to judicial construction only if the statute is ambiguous, incomplete, absurd, or arguably in conflict with other laws." *Arel v. T & L Enter., Inc.*, 146 Idaho 29, 32, 189 P.3d 1149, 1152 (2008). When this Court must engage in statutory construction, it has the duty to give effect to legislative intent. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). "To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history." *Id.*

Idaho Code section 56-1002(3) governs the creation of the regions and the appointment of directors. It states that:

> In order to provide more effective and economical access to the state health and social services by the people of Idaho, the governor is hereby authorized to establish substate administrative regions. In the designation of these regions specific consideration shall be given to the geographic and economic convenience of the citizens included therein. Each substate administrative region shall be headed by a regional director who shall be appointed by and serve at the pleasure of the director with the concurrence of the board.

I.C. § 56-1002(3).

Nothing in the plain language of I.C. § 56-1002(3) indicates that each administrative region must be headed by a separate regional director, or where they must reside or have an office. The regional directors are clearly "appointed by and serve at the pleasure of the [D]irector with the concurrence of the [B]oard." *Id.* The number of administrative regions is set by the governor. Currently, seven regions are mandated, and this has not been disturbed by the Director's streamlining efforts. Furthermore, each administrative region is still headed by a regional director who continues to serve at the pleasure of the Director. Thus, the plain meaning of I.C. § 56-1002(3) does not state that the consolidation of the regional director positions contravened the law.

Furthermore, I.C. § 56-1002(3) does not by its plain language require a formal vote by the Board or state how many members must concur. The Director presented his decision to the Board on May 21, 2009. The affidavits taken from the majority of the voting Board members assert that the Board concurred by not objecting. The plain language of I.C. § 56-1002(3) does not specifically prohibit this method of concurrence. Arambarri's argument that a formal vote was required relates solely to the appointment of regional directors. The appointment of regional directors is not at issue here.

**C.      Any Error Resulting from the District Court's Failure to Strike the Affidavits of Armstrong and Taylor Did Not Affect Arambarri's Substantial Rights**

Arambarri contends that the district court erred when it denied his Motion to Strike the affidavits of Armstrong and Taylor because they contain inadmissible hearsay, statements that are not based on personal knowledge or competency, and statements that make legal conclusions. Pursuant to I.R.C.P. 61, courts are instructed to disregard error that does not affect the substantial rights of a party. *See Taylor v. McNichols*, 149 Idaho 826, 836, 243 P.3d 642, 652 (2010).

To the extent that the affidavits of Armstrong and Taylor contain minimal hearsay statements, they are irrelevant to the district court's decision. Essentially, they state nothing

more than reciting portions of the Idaho Code and what actions each of the affiants took pursuant to his or her duties. The district court's analysis is based on its review of the plain language of I.C. § 56-1002(3). There is no indication that the district court relied on the affidavits in its analysis; therefore, any error resulting from the district court's failure to strike the affidavits of Armstrong and Taylor did not affect Arambarri's substantial rights.

**D.    Arambarri Is Not Entitled to Attorney's Fees on Appeal**

Arambarri contends that he is entitled to attorney's fees pursuant to I.C. § 12-117 and the Private Attorney General Doctrine articulated in *Hellar v. Cenarrusa*, 106 Idaho 571, 577–78, 682 P.2d 524, 530–31 (1984). Because Arambarri is not the prevailing party, he is not entitled to attorney's fees pursuant to I.C. § 12-117. Furthermore, Arambarri is not entitled to attorney's fees pursuant to the Private Attorney General Doctrine because in *Roe v. Harris*, 128 Idaho 569, 572–73, 917 P.2d 403, 406–07 (1996), this Court held that after the enactment of I.C. § 12-117, setting forth the standard for awarding attorney's fees against a state agency,[2] the Private Attorney General Doctrine was no longer a basis for such an award.

**E.    The Director Is Not Entitled to Attorney's Fees on Appeal**

The Director asserts that he is entitled to attorney's fees pursuant to I.C. § 12-117 and I.C. § 12-121. Idaho Code section 12-117 is the vehicle for obtaining fees in actions to which an agency is a party. It provides that:

> Unless otherwise provided by statute, in any administrative proceeding or civil judicial proceeding involving as adverse parties a state agency or political subdivision and a person, the state agency or political subdivision or the court, as the case may be, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). This Court may therefore award attorney's fees if the nonprevailing party "acted without a reasonable basis in fact or law." *Cantwell v. City of Boise*, 146 Idaho 127, 138, 191 P.3d 205, 216 (2008). No fees are available against a party that presents a "legitimate question for this Court to address." *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007).

This is an issue of first impression. Both sides presented reasonable arguments on appeal. Therefore, the Director is not entitled to attorney's fees pursuant to I.C. § 12-117.

---

[2] "State Agency" includes an "officer authorized by law to make rules or to determine contested cases . . . ." I.C. § 67-5201(2).

This Court also denies Arambarri's request for attorney's fees pursuant to I.C. § 12-121 because I.C. § 12-117 is the exclusive means for obtaining attorney's fees for the entities to which it applies. *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 635, 226 P.3d 1277, 1282 (2010).

## VI. CONCLUSION

The district court did not err when it granted the Director's Motion for Summary Judgment and the denial of Arambarri's Motion to Strike did not affect his substantial rights. Therefore, the Judgment in favor of the Respondent is affirmed. Neither party is entitled to attorney's fees. Costs are awarded to the Director.

Justices J. JONES, HORTON and Justice *pro tem* KIDWELL CONCUR.

BURDICK, Chief Justice, concurring in part and dissenting in part.

I respectfully dissent from the majority opinion. I agree with the majority that Mr. Arambarri has standing pursuant to the majority opinion A(1) and (2). However I do dissent from section B. of the majority opinion. I believe that the plain language of I.C. § 56-1002(3) means that each administrative region must have its own regional director.

Additionally, the majority opinion's interpretation of "concurrence" is much too passive. Based upon I.C. § 56-1002(3), "a regional director who shall be *appointed by and serve at the pleasure* of the director *with* the concurrence of the Board." That language means the appointment and termination of each regional director should have the affirmative assent of the Board at or before the time of the director's action. It would be surprising to most people that the Board can concur with the decision upon which none had voiced an opinion until needed in a court document that they were not a part of nor made publicly aware of until after the decision had been made and executed. Therefore I would dissent and indicate that without a statutory change and direct affirmative assent of the Board these changes could not be made. I concur in parts C., D., and E.

9