# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44446

DANIEL PASLAY, an individual; GARY OTTMAN, an individual; and TATEOKA BROTHERS, LLC, an Idaho limited liability company,

      Plaintiffs-Appellants,

v.

A&B IRRIGATION DISTRICT, an Idaho irrigation district,

      Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Pocatello, September 2017 Term

2017 Opinion No. 120

Filed: November 29, 2017

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

The district court's order is <u>affirmed in part</u>, <u>vacated in part</u>, and <u>remanded with instructions</u>.

Holden, Kidwell, Hahn & Crapo, PLLC, Idaho Falls, for appellants. Robert L. Harris argued.

Barker, Rosholt & Simpson, LLP, Twin Falls, for respondent. Travis L. Thompson argued.

———————————

BRODY, Justice

This case is about landowners' recourse against an irrigation district for diverting a portion of their water source to other landowners within the district. The landowners brought an action for a declaratory judgment regarding their constitutional water and property rights. They also sought injunctive relief against the irrigation district for a breach of fiduciary duty. The district court granted the irrigation district's motion to dismiss on all three of the landowners' claims. The landowners appeal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1

Appellants own farms in Jerome County, Idaho. A&B Irrigation District (the "District") distributes water to these farms and others throughout its service area in Jerome and Minidoka Counties. The District serves two distinct sub-areas in its district: Unit A and Unit B. The water the District distributes comes from two sources: (1) surface water from the Snake River and associated reservoirs, and (2) groundwater from the Eastern Snake Plain Aquifer. These two water sources were historically what separated Units A and B, and many owners based their land choices in the 1950s on the water source. Unit A farms have received surface water exclusively since the District's inception. For decades Unit B farms received only groundwater, but the District converted approximately 1400 Unit B acres to surface water in the 1990s in response to decreasing groundwater supply. This conversion did not abate the declining groundwater supply, and the District subsequently proposed the "Unit A Pumping Plan #2 Project" ("Project").

The District's manager claims the Project's benefits are twofold: (1) it will allow the District to deliver surface water to Unit A farms at an increased rate during the peak irrigation season, and (2) it will convert approximately 1500 Unit B acres facing declining groundwater over to surface water—similar to the District's prior conversion in the 1990s. In November 2013, the District held a special election in which its residents approved bonds of up to $7 million to pay for the Project. In 2014, the District's Board of Directors held a hearing at which they assessed Project costs proportionally based on acreage to both Unit A and Unit B landowners. Appellants did not appear at this hearing. The District then sought judicial confirmation (the "Confirmation Proceeding") of the Board's cost assessment in the Minidoka County District Court, which Appellants Paslay and Ottman contested. In the Confirmation Proceeding, the court approved the assessment but withheld consideration of Appellants' constitutional arguments as beyond that forum's scope.

Appellants claim the Project primarily benefits Unit B landowners at the expense of Unit A by diverting a portion of Unit A's sole water source (surface water) onto Unit B land and "diluting" their annual water supply. Additionally, the District divided Project costs equally among all landowners despite what Appellants claim is the Project's primary purpose: to help sustain Unit B farms as their groundwater supply continues to decline. Appellants claim the Project is part of a decades-long trend whereby the District subjugates Unit A's interests due to Unit B's size—roughly 80% of the District's service area—and comparably large representation and voting strength. Appellants sought relief on three claims in the Jerome County District Court

after the Confirmation Proceeding approved the Project's cost apportionment. In Count I of their amended complaint, Appellants sought a declaratory judgment enforcing their water rights under Article XV, sections 1, 3, 4, and 5 of the Idaho Constitution. Count II requested identical relief, challenging the assessment as a violation of their property rights under Article I, sections 13 and 14. In Count III—absent in the original complaint and added in the amended complaint— Appellants sought injunctive relief for breach of fiduciary duty.

Respondents filed a Rule 12(b)(6) motion to dismiss the claims, and submitted additional materials—including affidavits and the Confirmation Proceeding order. Appellants responded and requested the court deny the motion and strike matters outside the pleadings as immaterial and improper under the Rule 12(b)(6) standard. Alternatively, Appellants requested the court continue the proceedings—and allow discovery—if the court was to consider matters outside the pleadings. They argued that considering the additional information would effectively convert the decision from a Rule 12 to a Rule 56 analysis, and thus required discoverable facts to defend against a summary judgment grant. In its first of two decisions below, the district court denied Appellants' motion to strike and motion to continue, and dismissed Counts I and II. The court dismissed Count I as non-justiciable, finding the claim unripe and that the Appellants lacked standing. The court dismissed Count II as barred by res judicata based on the Confirmation Proceeding decision. Pending the court's decision on Count III, Appellants filed a motion for reconsideration of the district court's first decision. In its second decision, the district court dismissed Count III as non-justiciable on standing and ripeness grounds, just as with Count I. The court also denied Appellants' motion to reconsider its previous dismissal of Counts I and II. Appellants timely appealed.

## II.  ISSUES PRESENTED ON APPEAL

1. Whether the district court erred in dismissing Counts I and III of Appellants' amended complaint as non-justiciable.

2. Whether the district court erred in dismissing Count II of Appellants' amended complaint as barred by res judicata.

3. Whether the district court erred in denying Appellants' motions to strike, continue, and reconsider.

4. Whether the District is entitled to attorney fees.

## III. STANDARD OF REVIEW

This Court exercises free review over jurisdictional issues, including "whether dismissal for lack of jurisdiction was properly granted." *Tucker v. State*, 162 Idaho 11, 17, 394 P.3d 54, 60 (2017) (citing *Meisner v. Potlatch Corp.*, 131 Idaho 258, 260, 954 P.2d 676, 678 (1998)).

This Court reviews *de novo* both Rule 12(b)(6) dismissal orders and Rule 56 summary judgment grants. *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 159 Idaho 813, 823, 367 P.3d 208, 218 (2016). Under Rule 12(b)(6), "[a]fter viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated." *Losser v. Bradstreet*, 145 Idaho 670, 673, 183 P.3d 758, 761 (2008) (quoting *Gallagher v. State*, 141 Idaho 665, 667, 115 P.3d 756, 758 (2005)). Dismissal "for failure to state a claim should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005) (quoting *Gardner v. Hollifield*, 96 Idaho 609, 611, 533 P.2d 730, 732 (1975)). A Rule 12(b)(6) motion to dismiss in which "matters outside the pleadings are presented to and not excluded by the court . . . must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." I.R.C.P. 12(d). "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006).

## IV. ANALYSIS

The landowners' appeal centers on two issues with respect to their three claims against the District: the legal standard under which the district court dismissed Appellants' claims, and the court's substantive determinations under that standard. Appellants contend the district court erred both procedurally and substantively in dismissing all three counts in its amended complaint. Procedurally, they claim the district court improperly considered matters outside the pleadings in dismissing all three claims under Rule 12(b)(6)—rather than converting to the Rule 56 summary judgment standard. Substantively, Appellants contend that Counts I and III are justiciable as presented on the face of their amended complaint, and that res judicata does not bar relief under Count II.

For the reasons that follow, this Court determines that Counts I and III—the alleged violation of Appellants' water rights and breach of fiduciary duty—do not present justiciable controversies. The district court procedurally erred, however, in dismissing Count II as barred by res judicata.

## A. Appellants have failed to demonstrate that Counts I and III present justiciable claims.

Appellants contend that Counts I and III are currently justiciable controversies since the Project will result in an annual diminution of their available, dedicated water source. The District noted that the surface water supplies are variable from one season to the next, and have the potential to completely refill annually. This, they claim, necessarily reduces Appellants' claims to speculation since they allege no current deprivation, nor can they point to a future deprivation.

Appellants seek both injunctive relief and a declaratory judgment regarding their water rights. Under Idaho law, courts "shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." I.C. § 10-1201. This Court has long held that "the question[ed] 'right' or 'status' may invoke either remedial or preventive relief; it may relate to a right that has either been breached or is only yet in dispute or a status undisturbed but threatened or endangered . . . ." *State ex rel. Miller v. State Bd. of Educ.*, 56 Idaho 210, 217, 52 P.2d 141, 144 (1935). A declaratory judgment action must involve a justiciable controversy, however. *Davidson v. Wright*, 143 Idaho 616, 620, 151 P.3d 812, 816 (2006).

"Idaho has adopted the constitutionally based federal justiciability standard." *Id.* Standing is an essential element of a justiciable claim. *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 125, 15 P.3d 1129, 1132 (2000). Standing requires (1) a distinct injury in fact, (2) fairly traceable to the conduct from which a plaintiff seeks relief, and (3) a substantial likelihood that the requested relief will remedy or prevent the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Coal. for Agric.'s Future v. Canyon Cnty.*, 160 Idaho 142, 146, 369 P.3d 920, 924 (2016); *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006). "Standing may be predicated upon a threatened harm as well as a past injury." *Id.* (citing *Harris v. Cassia Cnty.*, 106 Idaho 513, 516, 681 P.2d 988, 991 (1984)). However, the injury must be "actual or imminent, not conjectural or hypothetical." *Tucker*, 162 Idaho at 19, 394 P.3d at 62 (quoting *State v. Philip Morris, Inc.*, 158 Idaho 874, 881, 354 P.3d 187, 194 (2015)). Since standing is

5

jurisdictional, it can be raised at any time, and the Court has a duty to raise it sua sponte. *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012) (citations omitted).

Appellants have failed to allege a distinct injury in their amended complaint for Counts I and III, either current or threatened. They claim that the Project will cause a "dilution" of their available water supply, which could result in a deprivation of their allotted water—particularly in years where there is a shortage of water. This allegation requires a court to hypothesize three successive events in order to reach a distinct, palpable injury: first, that the Project's additional water delivery to Unit B farms will cause a decrease in the annual surface water available to Unit A farms; second, in the case where there is less surface water available, the amount will be substantial enough to threaten Appellants' allotment; third, in such a case, the District will still allocate some surface water to newly-converted Unit B farms during a season in which it provides less than the full allotment to Unit A farms.

While the first seems intuitive—that more farms using the same surface water will result in less surface water—Appellants' claimed injuries necessarily implicate the second and third hypotheticals above as well. This Court cannot decide based on such conjecture. The Appellants are essentially asking for a court order directing the District to follow the law in the event there is a shortage of water. Such a pronouncement would be hollow without a particularized set of circumstances to which we can apply the law and tailor an order that either requires the District to do particular acts or prohibits the District from engaging in particular conduct. Appellants simply have not alleged a current or future harm, merely the fear of one if the District abuses its discretion and mismanages water resources outside the boundaries of the law.

While the district court erred in dismissing Counts I and III on justiciability grounds under Rule 12(b)(6) instead of 12(b)(1), we find that error harmless. As we stated in *Tucker*, "our earlier cases left the issue unsettled." 162 Idaho at 18, 394 P.3d at 61. Additionally, this Court or any Idaho court must raise a lack of subject matter jurisdiction at any time, whether the parties raise it or not. *Arambarri*, 152 Idaho at 738, 274 P.3d at 1253; *In re Doe I*, 145 Idaho 337, 340, 179 P.3d 300, 303 (2008).

This court thus affirms the district court's dismissal of Counts I and III for want of a justiciable controversy.

**B.      The district court erred in dismissing Appellants' property rights claim in Count II by considering matters outside the pleadings under Rule 12(b)(6).**

6

In Count II of the amended complaint, Appellants sought a declaratory judgment enforcing their property rights under Article I, sections 13 and 14 of the Idaho Constitution. They claim the District had no authority to exact its assessment for the Project without either consent or due process of law. Appellants contend that the district court erred procedurally by considering matters outside the amended complaint in its dismissal of Count II, and further claim that the court also erred in its substantive res judicata analysis. The District claims the district court properly took judicial notice of the Confirmation Proceeding because the court "recognized" that the Rule 56 summary judgment standard applied. Additionally, the District agrees with the district court's substantive res judicata analysis.

The Idaho Rules of Civil Procedure require courts treat a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment when it considers matters outside the pleadings. I.R.C.P. 12(d); *McCann v. McCann*, 152 Idaho 809, 814, 275 P.3d 824, 829 (2011). The extrinsic information need not raise disputed facts to mandate this shift. *Syringa*, 159 Idaho at 823, 367 P.3d at 218. However, a court can dismiss an action under Rule 12(b)(6) if it considers only the complaint, despite whether a party has submitted additional materials to the record. *Stewart v. Arrington Constr. Co.*, 92 Idaho 526, 531, 446 P.2d 895, 900 (1968).

The district court in this case was free to either consider information outside of the amended complaint and treat the Rule 12(b)(6) motions as Rule 56 proceedings, or decide the Rule 12(b)(6) motion "on the allegations contained in the complaint alone." *Taylor v. McNichols*, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010) (citing *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990)).

The district court in this case acknowledged the above requirements in its orders, stating in its first order (and incorporating by reference in its second):

> It is clear that the court may not consider evidence or facts outside the scope of the pleadings when determining if the petition states a claim upon which relief may be granted. The court, however, may consider facts that supplement those stated in the complaint, of which the court may properly take judicial notice.

> However, when the motion is presented under Rule 12(b)(6) and it is supported by evidence, such as affidavits, outside of the pleadings, the motion may properly be treated as one for summary judgment to which the summary judgment standard would apply.

The district court later stated, "[t]reating the motion as one for summary judgment is not error so long as the hearing and notice requirements of I.R.C.P. 56(c) are complied with." The District

7

claims that these recitations demonstrate that the court acknowledged under Idaho law the required shift from Rule 12 to Rule 56 when considering information outside the pleadings. However, the issue Appellants raise is not whether the court *recognized* the appropriate standard; it is whether the district court *applied* the appropriate standard.

The district court dismissed Count II under the Rule 12(b)(6) standard: "[T]he defendant's Motion to Dismiss Count 2 for failure to state a claim upon which relief may be granted pursuant to I.R.C.P. 12(b)(6) is GRANTED . . . ." The issue for Count II then is whether the court considered only the amended complaint or relied on matters outside the pleadings. Here, the court considered the Confirmation Proceeding in finding that res judicata barred Appellants' Count II claim. The judge in the Confirmation Proceeding noted Appellants "failed to take advantage of their opportunity to contest the assessment of benefits and apportionment of costs related to the Projects and A&B's issuance of bonds." He found no reasonable excuse for their failure to appear at that hearing, and additionally that the proceedings were not "in any substantial matter erroneous or unjust."

The district court in this case granted the District's motion to dismiss based on the Confirmation Proceeding, stating, "Our courts have long held that with respect to confirmation proceedings conducted pursuant to Title 43, Chapter 4, that a final judgment entered in such proceedings is not subject to collateral attack and are otherwise barred by the doctrine of res judicata." The district court thus considered information outside the pleadings in deciding its Rule 12(b)(6) motion.

Two cases are instructive where a court takes judicial notice of an underlying case in a Rule 12(b)(6) analysis. In *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990), the trial court took judicial notice of probate files from other cases and considered them in ruling on a Rule 12(b)(6) motion. The Idaho Court of Appeals held this was error, stating:

> The only facts which a court may properly consider on a motion to dismiss for failure to state a claim are those appearing in the complaint, supplemented by such facts as the court may *properly* judicially notice. However, a trial court, in considering a Rule 12(b)(6) motion to dismiss, has no right to take judicial notice of anything, with the possible exception of *facts of common knowledge* which controvert averments of the complaint.

*Id.* (emphasis in original) (citations omitted). This Court has since approved of *Hellickson*'s bar on taking judicial notice of other proceedings when considering a Rule 12(b)(6) motion to

8

dismiss. In *Taylor v. McNichols*, 149 Idaho 826, 849, 243 P.3d 642, 665 (2010), this Court explicitly adopted *Hellickson* and held that the "district court could not properly take judicial notice of the Underlying Case when ruling on 12(b)(6) motions to dismiss."

The District contends that *Hellickson* and *McNichols* do not apply since the district court properly recognized the summary judgment standard. Indeed, the district court discussed summary judgment with counsel during the May 2016 motion hearing:

> THE COURT: But isn't the standard more as to what facts you need that you cannot obtain at this time to oppose a summary judgment motion? If the issues presented based upon the pleadings—and whether it's characterized as a summary judgment motion or a 12(b)(6) motion, if the issues presented are a question of law, doesn't there have to be some presentation of what facts are out there that we haven't had the opportunity to obtain?

Moreover, the district court—in its first decision—addressed the required Rule 56 standard in its analysis of Appellants' motion to strike as well as in its standards of review. But as noted above, it *applied* the Rule 12(b)(6) standard in deciding the motion. The fact that the filing dates fell within Rule 56 requirements does not automatically convert the District's motion or the court's ruling. The District filed a Rule 12(b)(6) motion to dismiss, the court held a hearing on the Rule 12(b)(6) motion to dismiss, and—most importantly—the court decided Count II under the Rule 12(b)(6) standard. The district court thus committed procedural error in granting under Rule 12(b)(6) the District's motion to dismiss Count II and considering the Confirmation Proceeding in its decision.

This Court must thus determine whether that error was harmless, and in so doing "must disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. If—by considering only the pleadings—this Court finds under Rule 12(b)(6) that Appellants failed to state a claim upon which relief may be granted, then the procedural error below is harmless. *McNichols*, 149 Idaho at 849, 243 P.3d at 665.

Because we "shall look only to the pleadings without consideration to the record from the [u]nderlying [c]ase" when reviewing under the Rule 12(b)(6) standard, this Court cannot analyze the substantive res judicata argument as it relies entirely on the Confirmation Proceeding. *Id.* at 836, 243 P.3d at 652. Thus, we determine that the district court's procedural error was not harmless, since the Confirmation Proceeding was the sole basis for its determination that res judicata precluded Appellants' claim.

This Court thus vacates the district court's order granting dismissal of Count II and remands with instructions to consider Count II under the Rule 56 summary judgment standard.

## C. Attorney's Fees.

The District requests attorney's fees pursuant to Idaho Appellate Rule 41, and Idaho Code sections 12-117 and 12-121. Neither the District nor Appellants are the prevailing party, so neither are entitled to costs or fees on appeal.

## V. CONCLUSION

For the foregoing reasons, this Court affirms the dismissal of Counts I and III for lack of justiciability. We vacate the district court's order dismissing Count II, and remand with instructions to consider this claim consistent with this Court's opinion. In light of these decisions, we further hold that the appeals on the motions to strike, to reconsider, and to continue are moot. We award no fees or costs on appeal.

Justices JONES, HORTON, and Justice Pro Tem DUNN CONCUR.


BURDICK, C.J., concurring in part and dissenting in part.

I respectfully dissent from the majority's conclusion that the dismissal of Count II must be reversed. I agree with the majority that the district court erred by taking judicial notice of the preclusive effect of the Confirmation Proceeding. But I do not agree that this error requires reversal. Because the district court considered material explicitly referenced in the amended complaint and later attached to the motion to dismiss, I would affirm.

As is well established, "This Court may affirm decisions of a district court based on different theories than applied by the district court." *State v. Mann*, 162 Idaho 36, ___, 394 P.3d 79, 85 (2017) (citing *Johnson v. Blaine Cnty.*, 146 Idaho 916, 921, 204 P.3d 1127, 1132 (2009)). In this case specifically, I would affirm the district court's dismissal of Count II by differentiating impermissible takings of judicial notice from permissible considerations of outside evidence.

The majority is correct that in *Taylor v. McNichols*, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010), this Court adopted the judicial notice standard for Rule 12(b)(6) articulated by the Court of Appeals in *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990). This standard is as follows:

10

[A] trial court, in considering a Rule 12(b)(6) motion to dismiss, has no right to hear evidence; and since judicial notice is merely a substitute for the conventional method of taking evidence to establish facts, the court has no right to take judicial notice of anything, with the possible exception of *facts of common knowledge* which controvert averments of the complaint.

*McNichols*, 149 Idaho at 833, 243 P.3d at 649 (quoting *Hellickson*, 118 Idaho at 276, 796 P.2d at 153). Thus, under this standard, it is clear that the district court erred by taking judicial notice of the preclusive effect of the Confirmation Proceeding. However, this standard is limited to judicial notice and its intersection with Rule 12(b)(6). This standard does not address the propriety of considering outside evidence by methods aside from taking judicial notice of it.

In *McNichols*, this Court acknowledged that federal courts evaluate Rule 12(b)(6) motions by

consider[ing] the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. See 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007).

*Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). This Court in *McNichols* then clarified that "[n]othing in [the above federal standard] is inconsistent with what is written in *Hellickson*." *Id.* That is because the standard articulated in *Hellickson* and *McNichols* is limited to judicial notice and its intersection with Rule 12(b)(6), not the propriety of considering outside evidence by methods aside from taking judicial notice of it.

The federal standard, which this Court clarified is not inconsistent with *McNichols* and *Hellickson*, permits consideration of outside evidence in certain circumstances, the most relevant circumstance being where a key document is referenced in the pleadings and later attached to a dismissal motion. *E.g.*, *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999))); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991).

Here, Appellants' amended complaint specifically pled as follows:

Plaintiffs appeared in the District's judicial confirmation case, Minidoka County Case No. CV-2014-189, to protest the bond. There, the court declined to address Plaintiffs' constitutional concerns to be addressed in this matter, finding that they were outside the purview of that proceeding. *See Order Regarding*

11

*Responses in Opposition to the Verified Complaint and Petition CV-2014-189* at 5-6 (filed May 13, 2014).

And when moving to dismiss Appellants' complaint, Respondents attached the relevant order and the certified final judgment to their motion to dismiss. Therefore, the district court did not err by considering the preclusive effect of the Confirmation Proceeding. *Cf. Cortec*, 949 F.2d at 47–48 (explaining that F.R.C.P. 12(b)(6) permits consideration of documents outside the pleadings if the complaint necessarily relies on the document and the defendant presents the document in a motion to dismiss). As stated, *McNichols* expressly clarified that "[n]othing in [the federal standard] is inconsistent with what is written in *Hellickson*[,]" 149 Idaho at 833, 243 P.3d at 649, and the federal standard would permit consideration of the preclusive effect of the Confirmation Proceeding in this case, as reasoned above.

Further, *Hellickson* and *McNichols* are factually inapposite to this case. In *Hellickson*, the magistrate court considered probate files in estate cases, but nowhere does *Hellickson* suggest the specific files or estate cases had been referenced in the pleadings. 118 Idaho at 275–76, 796 P.2d at 152–53. Likewise, in *McNichols*, the prior case considered had not been referenced in the pleadings; rather, "the district court judge, who was also the judge in the [prior case], found that the arguments made by [the parties] incorporated events and actions that occurred in the [prior case] and, therefore, took judicial notice of the [prior case] *in toto*." 149 Idaho at 831, 243 P.3d at 647. Here, by contrast, the district court's consideration was limited to material explicitly referenced in Appellants' amended complaint and attached to Respondents' motion to dismiss. It is not as if the district court *sua sponte* considered nuanced arguments made in the Confirmation Proceeding or some obscure detail buried in the record thereof.

As such, I would affirm the dismissal of Count II.[1]

---

[1] In addition, this Court could affirm by applying the Rule 56 summary judgment standard. As this Court explained in *Peterson v. Private Wilderness, LLC*, 152 Idaho 691, 697, 273 P.3d 1284, 1290 (2012):

> [T]he district court took into consideration the Easement Case when it denied the Petersons' motion to dismiss. Judicial notice of another case file is inappropriate procedure where a 12(b)(6) standard is used within a trial court's analysis. However, . . . where a 12(b)(6) standard is inappropriate, as it was here, this Court can review the record presented on a summary judgment basis *de novo*. Accordingly, upon review of the record, this Court finds that the Petersons are entitled to summary judgment based upon judicial notice of the Easement Case.