75 P.3d 1198

IHC HOSPITALS, INC., a Utah corporation, d/b/a LDS Hospital, Petitioner–Appellant,

v.

TETON COUNTY, Idaho and Teton County Board of Commissioners, Respondents.

No. 28432.

Supreme Court of Idaho, Boise, April 2003 Term.

June 19, 2003.

Rehearing Denied Sept. 15, 2003.

Jones, Chartered, Pocatello, for appellant. Jack H. Robison argued.

Laura Estay Lowery, Teton County Prosecuting Attorney, Driggs, argued for respondents.

TROUT, Chief Justice.

This is a medical indigency case. IHC Hospitals, Inc. d/b/a LDS Hospital, a Utah corporation, (the Hospital) appeals the decision of the Teton County Board of Commissioners (the County) denying a claim for reimbursement for the cost of medical services rendered to an indigent resident of Teton County. Because the Hospital failed to comply with the statutory procedures for filing an application, the district court's judgment is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ervin Nelson ("Patient") was admitted to and received medical services at the Hospital in the Fall of 2000. On October 30, 2000, Patient and the Hospital filed an application for aid with the County. In a letter dated December 11, 2000, the County denied the application because Medicaid/SSI was listed as the last resource in the application, not the County. The Hospital then proceeded to bill Medicaid for Patient's expenses; however, Medicaid denied payment for the month of October, 2000.

After Medicaid denied payment, the Hospital sent billing statements to the County for the October expenses, but did not accompany those statements with a new application. The County notified the Hospital that Patient's October application had been denied, that the matter had been closed, and that the County did not have a new application for Patient. The Hospital then requested that the County reconsider the earlier denial. The County refused to reconsider the October application because an appeal had not been filed within the applicable statutory time frame after the initial denial. The Hospital appealed the County's decision to the district court. The district judge affirmed the County, holding that the Hospital's appeal to the County was not timely. The Hospital now appeals that decision.

## II.

## STANDARD OF REVIEW

A county's denial of an application for indigency benefits is reviewed under the Administrative Procedure Act, chapter 52, title 67, Idaho Code. I.C. §§ 31–3505G and 31–1506; *Sacred Heart Medical Center v. Kootenai County Comm'rs,* 136 Idaho 787, 790, 41 P.3d 215, 218 (2001). A reviewing court may not substitute its judgment for that of the county on questions of fact. *Sacred Heart Medical Center,* 136 Idaho at 790, 41 P.3d at 218. The reviewing court can reverse or modify the county decision only in limited circumstances, such as when the county's decision is affected by error of law, is clearly erroneous in view of the whole record, or is found to be arbitrary and capricious. *See Idaho County v. Idaho Dep't of Health & Welfare,* 128 Idaho 846, 848, 920 P.2d 62, 64 (1996). Only if substantial rights

of the appellant have been prejudiced may a reviewing court reverse the county's decision or remand for further proceedings. *See* I.C. § 67–5279(4). The substantial evidence rule requires the reviewing court to determine whether the county's findings of fact are "reasonable." *Sacred Heart Medical Center,* 136 Idaho at 790, 41 P.3d at 218 (citation omitted). This Court independently reviews the county's decision, albeit giving serious consideration to the district court's decision. *Id.* With these principles in mind, we turn to the issue of whether the County erred by denying medical indigency benefits to the Hospital for services it provided to Patient for October, 2000.

### III.

### DISCUSSION

■ Reimbursement to hospitals for the care provided to indigent residents of the State of Idaho is provided for in Title 31, Chapter 35 of the Idaho Code. The relevant statutes provide a procedure with which applicants for medical indigency benefits must comply in order to receive reimbursement. Chief among those requirements is the applicant's obligation to file a timely application, putting the county on notice that a claim for reimbursement is being made. While an applicant may incorporate an earlier-filed application, it must make sure the county is put on notice that a new application requesting new relief is sought. Because there was no appeal filed from the initial denial, and no new application filed within the time limits imposed by statute, we affirm the County's decision against the Hospital.

### A. An applicant for county aid must comply with statutory requirements.

■ The Hospital acknowledges that the application initially filed on October 30, 2000, was denied and no appeal was filed within the statutory time set forth in I.C. § 31–3505D. It contends, however, that it submitted a "delayed application," as permitted in I.C. § 31–3505(4) after it had applied for and been denied Medicaid benefits for October, 2000. The Hospital contends that the initial application filed on October 30, 2000, supplemented with additional documents, constituted a "delayed application." The district judge agreed with the County that no new application had been filed and the Hospital was, therefore, not entitled to reimbursement for Patient's medical expenses.

■ A "delayed application" requires more than merely filing supplemental information to the initial application. An applicant for county aid must make clear to the county that a new application is being filed, especially after the county has denied an earlier application. Section 31–3511(2) of the Idaho Code states "[t]he board shall not have jurisdiction to hear and shall not approve an application for necessary medical services *unless an application in the form prescribed by this chapter* is received by the clerk in accordance with the provisions of this chapter." (Emphasis added). The chapter provides that an applicant requesting assistance "shall complete a written application on a uniform form agreed to by the Idaho association of counties and the Idaho hospital association." I.C. § 31–3504(1).

In this case, the Hospital did not submit the Uniform County Medical Assistance Application used by the County after the Hospital had been denied Medicaid benefits. That form clearly distinguishes between the different types of applications available and specifically provides a choice for the "180 Day Delayed" application. Instead of completing that form following the initial denial, the Hospital merely resubmitted the medical billing statements for Patient's care, without any notation as to what relief was being requested or to which application the billing statements applied. The Hospital now argues that resubmission of the billing incorporated by reference the initial uniform application. However, the application must be clear enough to put the county on notice that some type of new application requesting new relief from the county is being sought. While it may be possible for a valid submission to incorporate an earlier-filed application if the county is made aware that a new application is intended, that is not the case here. The County was not put on notice that the Hospital was submitting a "delayed application" by the mere resubmission of Patient's medical

billing statements. At best, it appeared that the Hospital was filing an untimely appeal of the initial determination, not filing a new application under the 180–day provision of I.C. § 31–3505(4). Because the Hospital failed to timely apply for indigency benefits, we affirm the County's denial of benefits.[1]

### B. The County served proper notice of the initial determination.

The Hospital claims it was not served notice of the initial determination issued by the County on December 11, 2000, until April 18, 2001, when it received a faxed copy. Thus, the Hospital argues, its notice of appeal filed April 21, 2001, was within the statutory time limit of twenty-eight days from service, *see* I.C. § 31–3505D, and therefore a hearing should have been held or its claim should now be allowed because the County failed to timely set the matter for hearing. Attached to the December 11, 2000, "Initial Determination of Denial" is a Certificate of Mailing dated December 12, 2000, indicating that "a true and correct copy of the foregoing" was mailed to all providers listed on the application. The Hospital was listed in the initial application as a provider and there is nothing in the record to contradict the certification that the denial was mailed to the Hospital. Indeed, the actions taken by the Hospital subsequent to the denial of their application indicate that the Hospital received the denial and responded by seeking Medicaid reimbursement. Therefore, the Hospital's claim that it was not served notice is without merit, as the County complied with its statutory obligations. *See* I.C. § 31–3505C (requiring that initial determination be "mailed" to providers on application).

### C. The holding in *Carpenter v. Twin Falls County* has been modified by statutory amendment.

■ The Hospital next claims that even if it failed to submit its application within the

set timelines,[2] there is case law authority supporting a lenient interpretation of the time limitations. The Hospital claims the holding in *Carpenter v. Twin Falls County,* 107 Idaho 575, 691 P.2d 1190 (1984), established that the timelines in the medical indigency statutes are not jurisdictional and should not be strictly enforced without a showing of prejudice by the County.

In 1996, the legislature amended I.C. § 31–3511 by adding penalties for failure to comply with technical requirements. In addition, I.C. § 31–3504 has been completely re-written since *Carpenter,* with that section now providing specific guidelines for submitting an application for financial assistance. The Court in *Carpenter* held that a claim which violated technical requirements should not be denied in the absence of a statutory mandate to do so. The current statutes now mandate denial of a claim for failure to satisfy the express time limits. Here, the Hospital did not submit an appeal within the time provided by I.C. § 31–3505D and, therefore, the County had no authority to consider the Hospital's appeal.

### D. Remaining issues.

The Hospital raises other issues on appeal relating to other statutory requirements imposed on the County, but in light of the Court's holding above, it is not necessary to address the remaining arguments.

### E. Attorney's fees.

■ Each party requests attorney's fees on appeal. The Hospital is denied attorney's fees since it is not the prevailing party in this appeal. The County requests attorney's fees pursuant to I.C. § 12–117, which permits an award of fees if the losing party "acted without a reasonable basis in fact or law." Here,

---

1. The clearest way to put a county on notice that a "delayed application" is being submitted is to submit a new Uniform County Medical Assistance Application. That uniform application provides the applicant with specific selections, which notify the county as to what the applicant is requesting.

2. The County denied the application of financial assistance for Patient on December 11, 2000. The Hospital had twenty-eight days to file a written notice of appeal with the County in order to appeal the initial determination. I.C. § 31–3505D. Pursuant to I.C. § 31–3505D, the initial determination became final on January 8, 2001, because the Hospital did not file an appeal within the required time.

a legitimate question was presented as to what constitutes an application or delayed application; therefore, we deny an award of fees to the County.

## IV.

## CONCLUSION

The Hospital failed to file a timely appeal of the denial of its initial application for medical assistance and did not file a "delayed application" as required by the statute. Therefore, the County's denial of benefits is affirmed. We award costs, but not attorney's fees, to the County.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, concur.