175 P.3d 776

**LANE RANCH PARTNERSHIP, an Idaho general partnership, Plaintiff–Respondent,**

v.

**CITY OF SUN VALLEY, a political subdivision of the State of Idaho, Defendant–Appellant.**

No. 33423.

Supreme Court of Idaho, Boise, November 2007 Term.

Dec. 27, 2007.

Robertson & Slette, Twin Falls, for respondent. Gary Slette argued.

Hawley, Troxell, Ennis & Hawley, LLP, Ketchum, for appellant. Rand Peebles argued.

W. JONES, Justice.

This is an appeal arising from an application for a private road by Lane Ranch Partnership in the City of Sun Valley. Sun Valley's Community Development Director, the City Council and the Sun Valley Planning and Zoning Commission all found the application to be incomplete under the Sun Valley Municipal Code (the Code). Lane Ranch appealed to the district court. The district court reversed the Zoning Commission. The City appeals to this Court.

Lane Ranch owns property north of Elkhorn Road (the Property). The Property is zoned OR–1, which is defined as "open recreation." In January 2002, Lane Ranch submitted an application requesting permits to

construct a private road on the Property. The Community Development Director responded to the application as incomplete and requested that Lane Ranch supplement the application with an application for design review (Title 9 of the Code) or an application for subdivision approval (Title 10 of the Code).

Lane Ranch filed an appeal to the Zoning Commission, contending that design review and subdivision approval are unnecessary under Title 7 of the Code. The Zoning Commission denied the appeal and Lane Ranch appealed to the City Council. The City Council affirmed the Zoning Commission. Lane Ranch filed an appeal in district court. The district court reversed the prior decisions finding that Title 7 governs the application for a private road, and Title 7 does not reference Title 9 or Title 10 of the Code. The action was remanded for the application to be reviewed under Title 7 of the Code. The City appeals that decision to this Court.

The following issues are presented on appeal:

1. Whether Sun Valley reasonably interpreted its ordinances in determining that Lane Ranch had failed to submit the necessary application for consideration of its request to construct a private road.

2. Whether the district court correctly determined that Sun Valley's action was without a reasonable basis in fact or law entitling Lane Ranch to an award of attorneys' fees under Idaho Code § 12–117.

3. Whether Lane Ranch is entitled to attorney's fees on appeal pursuant to I.C. § 12–117 on the basis that the City acted without a reasonable basis in either fact or law in reaching its decision.

■■■■ The Idaho Administrative Procedures Act governs judicial review of local zoning decisions. *Price v. Payette*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998) (citing *Comer v. County of Twin Falls*, 130 Idaho 433, 437, 942 P.2d 557, 561 (1997)). This Court reviews the zoning decision independent of the decision of the district court. *Payette*, 131 Idaho at 429, 958 P.2d at 586

(citing *Comer*, 130 Idaho at 437, 942 P.2d at 561). This Court will not substitute its judgment as to the weight of the evidence on questions of fact. I.C. § 67–5279(1). Interpretation of an ordinance or statute is a question of law over which this Court exercises free review. *Friends of Farm to Market v. Valley County*, 137 Idaho 192, 196, 46 P.3d 9, 13 (2002) citing *State v. Nelson*, 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App. 1991). Analysis of a statute or ordinance begins with the literal language of the enactment. *Friends of Farm to Market*, 137 Idaho at 197, 46 P.3d at 14 (citations omitted). "Where the language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to construe the language." *Friends of Farm to Market*, 137 Idaho at 197, 46 P.3d at 14 (citing *Lawless v. Davis*, 98 Idaho 175, 560 P.2d 497 (1977)). When zoning boards interpret their own zoning ordinances there is a strong presumption that the interpretation is valid. *Id.* at 197, 46 P.3d at 14 (citing *South Fork Coalition v. Bd. Of Comm'rs*, 117 Idaho 857, 860, 792 P.2d 882, 885(1990)).

■■■■ The party challenging the zoning board's decision must first show the zoning board's error under I.C. § 67–5279(3), and secondly, that such error has prejudiced a substantial right of the party. *Payette*, 131 Idaho at 429, 958 P.2d at 586 (citations omitted).

> [T]he court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion. If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary.

I.C. § 67–5279(3). Regardless, if an error occurred, the decision will be upheld unless the party can show that the action affects a substantial right. *Lamar Corp. v. City of*

*Twin Falls,* 133 Idaho 36, 39, 981 P.2d 1146, 1149 (1999) (citing I.C. § 67–5279(4)).

### 1. *Sun Valley unreasonably interpreted its ordinances when it determined that Lane Ranch failed to submit the necessary application for consideration of its request to construct a private road.*

▮ Title 7 of the Code governs public ways, public property and private streets. Title 9 of the Code governs planning and zoning. Title 10 governs subdivisions. Title 7 of the Code was adopted five years before Title 9 or Title 10 of the code.

Title 7 of the Sun Valley Municipal Code is a comprehensive ordinance that expressly governs private streets. Under Title 7, in order to build or modify a street, a party must "apply for and obtain either plat approval, construction plan approval and/or a construction permit." S.V.M.C. § 7–1–4. Title 7 also gives a detailed list of standards that the City will evaluate when reviewing an application for road construction. S.V.M.C. § 7–1–2. Additionally, the standards specifically apply to all new construction of public or private roads. S.V.M.C. § 7–1–3. There are no references to any other Code sections under which an application will be evaluated. It was unreasonable for the City to impose additional requirements on Lane Ranch prior to reviewing the private road application. Sun Valley also argues that Title 7 gives the Commission and Director broad authority to grant or deny private road approval. "Private streets shall be permitted within the City subject to review and approval by the Planning and Zoning Commission and the City Council." S.V.M.C. § 7–4–2. However, such review and approval does not grant the ability to arbitrarily apply irrelevant ordinance sections. Had the City intended to require Title 9 (design review) or Title 10 (subdivision approval) to apply to the construction of private streets, Title 7 could have incorporated those provisions, but it does not.

The City argues that an application for design review or subdivision approval is required under § 7–5–6(A). **"Consistent with the applicable sections of the development regulations,** street and road alignment shall follow natural terrain contours so as to result in safe streets, usable lots and minimum cuts and fills." S.V.M.C. § 7–5–6(A) (emphasis added).

▮ This Court applies the same principles in construing municipal ordinances as it would in construing statutes. *Friends of Farm to Market,* 137 Idaho at 197, 46 P.3d at 14 (citing *Cunningham v. City of Twin Falls,* 125 Idaho 776, 779, 874 P.2d 587, 590 (Ct. App.1994)). "Any such analysis begins with the literal language of the enactment." *Ada County v. Gibson,* 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct.App.1995) (citations omitted). If the language is unambiguous, then the clear and express intent of the legislative body governs. Specific language is not viewed in isolation, the entire statute and applicable sections must be construed together to determine the overall legislative intent. *Friends of Farm to Market,* 137 Idaho at 197, 46 P.3d at 14 (citing *Lockhart v. Dept. of Fish and Game,* 121 Idaho 894, 897, 828 P.2d 1299, 1302 (1992)).

Here, § 7–5–6(A) falls under the chapter entitled "Design Criteria," and the section entitled "Street Alignment." This section of the Code does not impose any additional requirements on a party in order to gain a construction permit for a private road. Section 7–1–6 does impose requirements for construction plan approval. It simply references that it is "consistent with the applicable section of the development regulations." That section does not impose those regulations on applications for private roads. It goes on to state that "[b]efore commencing any excavation or construction on public or private streets, roads or walkways the contractor, developer or owner shall submit plans to the City for approval. The plans shall have been prepared by a professional engineer registered in the State and shall include the following information...." S.V.M.C. § 7–1–6. The ordinance then continues by listing the requirements for approval. None of the requirements for approval reference Title 9 or Title 10 or any additional applications which would need to be made under the Code. If the City had intended to include any additional require-

ments to gaining City approval, it could have referenced or listed them in the ordinance.

■■■■ A city's actions are considered arbitrary and capricious if made without a rational basis, or in disregard of the facts and circumstances, or without adequate determining principles. *Enterprise, Inc. v. Nampa City,* 96 Idaho 734, 739, 536 P.2d 729, 734 (1975). This Court will not substitute its judgment for that of a city when it acts within the bounds of its discretion. *Id.* A city's actions are considered an abuse of discretion when the actions are arbitrary, capricious or unreasonable. *Enterprise,* at 739, 536 P.2d at 734. Here, the City viewed Lane Ranch's application as incomplete based on previous attempts by Lane Ranch to subdivide the property. The City automatically assumed that the private road application was another attempt to build a subdivision, rather than a legitimate attempt to gain access to the property under the current applicable zoning standards. The City's interpretation of their code is unreasonable and therefore an abuse of discretion under I.C. § 67–5279(3)(e).

*2. The City's interpretation of its ordinances violates a substantial right of Lane Ranch.*

■■■■ Lane Ranch has a substantial right to have its application evaluated properly under Title 7 of the Code. Their ability to access their property has been impeded and they are unable to develop their property for admittedly permissible uses under the applicable OR–1 zoning. The Property consists of 166–acres which presently is only accessible by foot.

*3. Whether the district court correctly determined that Sun Valley's action was without a reasonable basis in fact or law entitling Lane Ranch to an award of attorney's fees under I.C. § 12–117.*

■■■■ [I]n any administrative or civil judicial proceeding involving as adverse parties a state agency, a city ... and a person, the court shall award the prevailing party reasonable attorney's fees ... if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

I.C. § 12–117(1). The district court found an award of attorney's fees proper. This Court finds that the City abused its discretion in its interpretation of its ordinances, and acted without a reasonable basis in fact or law. We hold that the award of attorney's fees by the district court was not in error.

*4. Whether Lane Ranch is entitled to attorney's fees on appeal pursuant to I.C. § 12–117 on the basis that the City acted without a reasonable basis in either fact or law.*

■■■■ A party is not entitled to attorney's fees if the issue is one of first impression in Idaho. *SE/Z Const., L.L.C. v. Idaho State University,* 140 Idaho 8, 14, 89 P.3d 848, 854 (2004). Attorney's fees are also inappropriate if the City presented a legitimate question for this Court to address. *IHC Hospitals, Inc. v. Teton County,* 139 Idaho 188, 191–92, 75 P.3d 1198, 1201–02 (2003). This Court finds that the City acted on appeal without a reasonable basis in fact or law. Lane Ranch is entitled to costs and attorney's fees on appeal.

For the foregoing reasons the decision of the district court is affirmed and the case is remanded for evaluation under the standards articulated in Title 7 of the Code.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON concur.