**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 47668**

| | | |
|---|---|---|
| JOHN and DEBORAH ROUWENHORST, husband and wife; DESERT FOOTHILLS DRY, LLC, an Idaho limited liability company; and DESERT FOOTHILLS WET, LLC, an Idaho limited liability company, | ) ) ) ) ) ) | |
| Petitioners-Respondents, | ) ) | |
| v. | ) ) | Boise, November 2020 Term |
| GEM COUNTY, a political subdivision of the State of Idaho; and GEM COUNTY BOARD OF COMMISSIONERS, | ) ) ) ) | Opinion Filed: April 16, 2021<br><br>Melanie Gagnepain, Clerk |
| Respondents-Appellants, | ) ) | |
| and | ) ) | |
| DOES I-X, inclusive, | ) ) | |
| Respondents. | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. George A. Southworth, District Judge.

The decision of the district court is <u>reversed,</u> and the award of attorney fees is <u>vacated.</u>

Erick B. Thomson, Gem County Prosecuting Attorney, for appellants Gem County and Gem County Board of Commissioners. Tahja L. Jensen argued.

Stacey & Parks, PLLC, for respondents John and Deborah Rouwenhorst, Desert Foothills Dry, LLC, and Desert Foothills Wet, LLC. Matthew C. Parks argued.

———————————

STEGNER, Justice.

This is an appeal from a district court sitting in its intermediate appellate capacity in which it reviewed an application for a rezone. John and Deborah Rouwenhorst (the Rouwenhorsts) on behalf of Desert Foothills Wet, LLC, and Desert Foothills Dry, LLC, submitted a rezoning application seeking to reclassify 696 acres in Gem County (the Property) from A-1, Prime Agriculture to A-2, Rural Transitional Agriculture. Although the Gem County

1

Zoning Commission recommended approval of the rezone, the Board of County Commissioners (the Board) denied the application. After unsuccessfully moving for reconsideration, the Rouwenhorsts petitioned for judicial review. The district court reversed the Board's denial of the rezoning application and awarded attorney fees and costs to the Rouwenhorsts. Gem County appealed. For the reasons set out below, we reverse the district court's decision overturning the Board's denial of the rezone and vacate the district court's order granting attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Desert Foothills Dry, LLC, and Desert Foothills Wet, LLC, own five parcels of land encompassing 696 acres of property in Gem County outside Emmett, Idaho. John Rouwenhorst is the registered agent of both LLCs. The Property consists of five separate tax parcels, each of which is currently zoned A-1, Prime Agriculture. As currently zoned, each parcel on the Property requires a 40-acre minimum lot size. At present, the Property is comprised of pasture, agricultural fields, outbuildings, and two single family dwellings.

The Property is situated entirely within an area designated as "County Residential Area, Priority Growth Area #3" in the Gem County Comprehensive Plan. This Comprehensive Plan was created in 2007 as a joint effort between Gem County and the City of Emmett "to manage change within the broader community."[1] The plan for Priority Growth Area #3 limits density to one unit per five acres. *See* COMPREHENSIVE PLAN, Ch. 12 at 8.

In July 2018, John and Deborah Rouwenhorst[2] filed an application to have the Property rezoned to A-2, Rural Transitional Agriculture, which has a five-acre minimum lot size. The Rouwenhorsts sought only to rezone the Property, observing that several other parcels to the west and south—farther from the city center of Emmett—had been rezoned to A-2 from A-1.[3]

---

[1] *See* GEM COMMUNITY COMPREHENSIVE PLAN, GEM COUNTY & EMMETT CITY, *online at* http://www.gemcounty.org/files/development-services/comprehensive-plan/GemCompPlan.pdf (last updated February 2014) [COMPREHENSIVE PLAN]. The Comprehensive Plan is described as "a tool to ensure that all accountable governing bodies are taking actions that the community has determined to be the most orderly, beneficial and supportive of the community vision statement." *Id.* at 13. In particular, the Land Use chapter (Chapter 12) of the Comprehensive Plan was drafted alongside land use maps for Gem County and the City of Emmett. *See* GEM COUNTY FUTURE LAND USE MAP, GEM COUNTY, *online at* http://www.gemcounty.org/files/development-services/comprehensive-plan/2007-Final-Commissioners-Land-Use.pdf (June 12, 2007); CITY OF EMMETT FUTURE LAND USE MAP, CITY OF EMMETT, *online at* http://www.gemcounty.org/files/development-services/comprehensive-plan/2007-Final-Emmett-Land-Use.pdf (June 12, 2007).

[2] The real parties in interest are the two LLCs, Desert Foothills Wet and Desert Foothills Dry. It is unclear what ownership Deborah Rouwenhorst has in the two LLCs, but throughout the record and briefing she refers to the Property as "ours."

[3] According to the Rouwenhorsts, the primary reason for rezoning the Property was to make it easier for their children to build their own houses on the Property. Deborah Rouwenhorst testified to the Zoning Commission that

After receiving the Rouwenhorsts' initial application, staff with the Gem County Zoning Commission worked with them to draft a proposed development agreement.[4] Once the application was complete, notice was given to the public and affected property owners.

Three agencies responded to the notice of the rezone application hearing before the Zoning Commission, two of which recommended certain conditions be made part of a development agreement. While the Emmett Irrigation District had no objections, the Gem County Road and Bridge Department requested that adjacent county roads undergo an engineered traffic study as part of a development agreement once a concept plan was submitted. In addition, the Idaho Transportation Department (the ITD) had several access concerns, in particular that the approaches to the Property were not properly permitted, but stated it would "withdraw any objection to the proposed application once all access concerns have been addressed with ITD Staff."

A public hearing was held on October 9, 2018, before the Zoning Commission. The Zoning Commission received several comments from Gem County residents in opposition to the rezone. After hearing public comment, the Zoning Commission unanimously voted to recommend approval of the rezoning application subject to a development agreement. This recommendation then was submitted to the Board. At that time, the Rouwenhorsts were corresponding with Board staff on further revisions of the Zoning Commission's proposed development agreement. Consequently, at the time the Zoning Commission made its recommendation, a development agreement had not been finalized.

The Board conducted a public hearing on November 26, 2018. The public comment consisted of the comments and letters submitted to the Zoning Commission, as well as several in-person comments made by the public. One comment in opposition focused on the "infrastructure in place" like water and sewer, as well as traffic management for "so many families" if the

---

banks would not provide conventional loans on lots more than 10 acres. Although there is nothing to corroborate this statement, the Rouwenhorsts emphasized that they and their children planned to continue to farm.

[4] Gem County Code 11-15-8 provides the process and general parameters for development agreements. As noted by the Zoning Commission staff, "Idaho Code allows the county to require written commitments from property owners regarding the future use of the property at the time of a rezone—essentially placing conditions upon rezones. If approved, the agreement is recorded against the property and runs with the title and is binding unless amended per terms in the agreement." However, according to the Rouwenhorsts, this proposed development agreement was developed on the initiative of the Zoning Commission staff because the staff "thought the commissioners might want to impose [a development agreement] as a condition of approving the rezone[.]" The Rouwenhorsts' initial rezone application requested that if a development agreement were required, such an agreement be created "when the property is developed."

3

Property were to be sold. The Board took the issue under advisement, and publicly deliberated during two meetings on December 4 and 17, 2018. During these public meetings, several commissioners expressed concern about the size of the Property being "tak[en] . . . down to five acres" per lot and discussed the "change of character" in putting "five acre lots with houses on" the Property. These concerns were echoed on December 17, 2018, when the Board voted to deny the rezone application.

On February 25, 2019, the Board entered its written decision and order by which it denied the Rouwenhorsts' application. The Board stated that it

> could not make the finding that the effects of the proposed zone change upon the delivery of services by any political subdivision providing public services, including school districts, within Gem County's planning jurisdiction have been considered and no unmitigated adverse impacts upon those services will impose additional costs upon current residents of Gem County's planning jurisdiction.

The Board concluded that, because it could not make this required finding, "a rezone from A-1 to A-2 would not be allowed."[5]

The Rouwenhorsts petitioned the Board for reconsideration of its decision, arguing that the Board was required to make a "yes" or "no" finding, rather than simply stating that it was unable to make a finding either way. The Board held a hearing on the request for reconsideration on April 16, 2019. Public comment was again received, including from one Gem County resident who was concerned about an increase in traffic accidents associated with deer in the area, as well as the burden of further subdivision on the water and sewer system. Neal Capps, the director of the Gem County Road and Bridge Department, also testified. In particular, he discussed the issues in the context of the Capital Improvement Program (CIP), a fund for road improvements in Gem County.[6] Capps stated that the only up-front cost to the Road and Bridge Department

---

[5] For an affirmative approval of a rezone application, the Board must make five findings under Gem County Code section 11-15-4, including the finding that

> [t]he effects of the proposed zone change upon the delivery of services by any political subdivision providing public services, including school districts, within Gem County's planning jurisdiction have been considered and no unmitigated adverse impacts upon those services will impose additional costs upon current residents of Gem County's planning jurisdiction.

G.C.C. § 11-15-4. This finding will be referred to as "Finding 3(c)." The Board's initial decision, which was reiterated on reconsideration, hinged on its inability to make an affirmative decision on Finding 3(c).

[6] As Capps explained, the funds in the CIP are collected through impact fees when property within its jurisdiction is developed. The funds in the CIP are then allocated to various districts in Gem County based on the number of buildable lots in that district and are to be spent on road building and maintenance within that district. Capps testified that the current impact fee in the Rouwenhorsts' district (Van Deusen) was $5,960 per buildable lot, but that if the costs to build and maintain roads in the district were not covered by the impact fees, one solution would be to

related to the rezone itself was the "time and efforts to go out there to . . . look at the assess[ed] values of that area and the adjacent county roads[,]" but that the Road and Bridge Department did not charge for that. However, Capps went on to testify that Van Deusen Road would have to be widened to increase its capacity to accommodate increased future traffic flows given the prospect of up to 135 additional lots on the property. He also testified the CIP fund had a very minimal positive balance and contained only $4,400 as of the date of the hearing. Capps also recommended an engineering traffic study as it was difficult to project costs without having one.

On May 20, 2019, the Board entered its decision denying the Rouwenhorsts' motion for reconsideration. The Board identified the applicable law as requiring positive findings as a prerequisite to *approving* an application for a rezone. The Board stated that zoning was "generally characterized as legislative . . . and the Board is afforded discretion in making such decisions." (Citing *Dawson Enterprises, Inc. v. Blaine Cnty.*, 98 Idaho 506, 511, 567 P.2d 1257, 1262 (1977).) The Board reasoned that the letters from the variously impacted agencies supported its denial, as the Idaho Transportation Department asserted that approaches to the Property were not properly permitted, and the Gem County Road and Bridge Department had wanted a traffic study to be conducted to identify what would be needed in a development agreement. Critical to the Board's denial was the lack of specificity regarding the development of the Property which would allow the Board to draft a Development Agreement addressing the various concerns. Despite the Rouwenhorsts' argument that the Property's location in the Comprehensive Plan supported approval of the rezone application, the Board reasoned that the Plan was "a guide" and that the "present factual circumstances" did not support a rezone. The Board stated that it would "not approve a rezone of the applicant property until the access issues are resolved and a robust concept plan is submitted that allows the Board to draft a development agreement that will address the concerns[.]"

The Rouwenhorsts petitioned for judicial review with the district court. Gem County filed a response in opposition. After the Rouwenhorsts filed their reply, oral arguments were heard on November 4, 2019.

The district court entered a decision and order on November 14, 2019, reversing and remanding the Board's decision. First, the district court held that the Board's decision was

---

prospectively increase the amount of impact fees levied per buildable lot. However, at the time of the hearing the CIP only contained $4,400.

arbitrary, capricious, and an abuse of discretion because it treated the Rouwenhorsts' application for rezoning like a subdivision application and considered irrelevant objections from the public. Second, the district court held that the Board's reliance on the lack of a "robust concept plan"—and failure to produce upon request the satisfactory concept plan for similarly rezoned properties—was not supported by substantial and competent evidence. Finally, the district court concluded that the Board's denial prejudiced the Rouwenhorsts' substantial rights because the Rouwenhorsts had a due process right in having the proper legal standard applied to their rezoning request. The district court also concluded that the Rouwenhorsts were entitled to attorney fees and costs in the amount of $16,033.40 under Idaho Code section 12-117(1). In response, Gem County filed its notice of appeal of the district court's decisions.

## II. STANDARD OF REVIEW

When a district court acts in its appellate capacity under [the Idaho Administrative Procedures Act], "we review the district court's decision as a matter of procedure." [*917 Lusk, LLC v. City of Boise*, 158 Idaho 12, 14, 343 P.3d 41, 43 (2015)] (quoting *Williams v. Idaho State Bd. of Real Estate Appraisers*, 157 Idaho 496, 502, 337 P.3d 655, 661 (2014)). When doing so, we conduct an independent review of the agency record. *Id.* (citing *Dry Creek Partners, LLC, v. Ada Cnty. Comm'rs, ex rel. State*, 148 Idaho 11, 16, 217 P.3d 1282, 1287 (2009)).

*Hungate v. Bonner Cnty.*, 166 Idaho 388, 392, 458 P.3d 966, 970 (2020).

"Interpretation of an ordinance or statute is a question of law over which this Court exercises free review." *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 89, 175 P.3d 776, 778 (2007) (citing *Friends of Farm to Market v. Valley Cnty.*, 137 Idaho 192, 196, 46 P.3d 9, 13 (2002)). "There is a strong presumption that the zoning board's actions were valid and that it has correctly interpreted its own zoning ordinances." *Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 231, 254 P.3d 1224, 1227 (2011) (citing *Sanders Orchard v. Gem Cnty. ex rel. Bd. of Cnty. Comm'rs*, 137 Idaho 695, 698, 52 P.3d 840, 843 (2002)).

A reviewing court

shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3). An agency's "actions are considered arbitrary [or] capricious if made without a rational basis, or in disregard of the facts and circumstances, or without adequate determining principles." *Lane Ranch P'ship*, 145 Idaho at 91, 175 P.3d at 780 (citation omitted).

6

"So long as the Board's 'findings, conclusions and decision are sufficiently detailed to demonstrate that it considered applicable standards and reached a reasoned decision, we [will] find that the decision was not arbitrary [or] capricious and was based on substantial evidence in the record.'" *Terrazas v. Blaine Cnty. ex rel. Bd. of Comm'rs*, 147 Idaho 193, 204, 207 P.3d 169, 180 (2009) (quoting *Brett v. Eleventh St. Dockowner's Ass'n, Inc.*, 141 Idaho 517, 523, 112 P.3d 805, 811 (2005)).

"If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." I.C. § 67-5279(3).

## III.    ANALYSIS

The thrust of the Board's appeal is that it applied the proper legal standards to the Rouwenhorsts' rezone application, and that the district court incorrectly determined that the Board's decision was not supported by substantial and competent evidence. The Board also argues alternatively that the denial did not prejudice the Rouwenhorsts' substantial rights.

In response, the Rouwenhorsts argue that the Board's appeal itself does not address, and therefore waives, several issues ruled upon by the district court. The Rouwenhorsts also argue that the Board conceded—by lack of response to the Rouwenhorsts' arguments—that the Rouwenhorsts' substantial rights had been prejudiced by the Board's actions.

### A. The Board's decision was not arbitrary or capricious because it applied the standards set forth in the Gem County Code for rezoning applications.

In its original decision denying the Rouwenhorsts' rezoning application, the Board stated that it "could not make the finding" that there would be no unmitigated adverse impacts upon public services as a result of the zone change. As a result of its inability to make a necessary finding, the Board denied the Rouwenhorsts' application. On reconsideration, the Board again denied the rezone, expressing concerns about the issues raised by the impacted agencies. The Board pointed to the lack of a robust concept plan allowing a Development Agreement to be drafted "to ensure that there would be no demonstrable adverse impacts upon the delivery of services."

The district court concluded that the Board failed to follow its own ordinances in denying the Rouwenhorsts' rezoning application. In particular, the district court stated that "[n]owhere in the code governing zoning regulations does it require a robust concept plan. Instead, concept plans are covered in title 12 governing subdivision regulations." The district court detailed the Board's concerns as focusing on increased traffic or the character of the area, and concluded that

7

the Board "erroneously treated the rezone application as a subdivision application, and in so doing, its actions were made without a rational basis in fact or law, and in disregard of the facts and circumstances." Based on its analysis, the district court reversed the Board's decision.

At the outset, we note the review statute does not authorize the district court to do what it did and reverse the Board's decision. Under Idaho Code section 67-5279(3), "[i]f the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." If the Board's decision were in error, the proper disposition would have been to set aside the decision and remand it to the Board.

On appeal, the Board continues to argue that the basis for its denial was its inability to make the required affirmative finding that there would be no unmitigated adverse impacts upon the delivery of public services; in other words, that there would not be additional costs to the residents of Gem County. The Rouwenhorsts argue that the Board waived the issue that its decision was arbitrary or capricious by failing to address the district court's determination that the Board applied standards applicable to subdivision applications, rather than rezoning applications.

Title 11 of the Gem County Code addresses zoning regulations and the procedure for rezoning property. *See generally* G.C.C. § 11-15-1 *et seq.* Gem County Code section 11-15-4(B) states that an application for rezoning cannot be granted,

> unless the following findings are made by the . . . board:
> 1. The requested amendment complies with the comprehensive plan text and future land use map; and
> 2. The requested amendment is not materially detrimental to the public health, safety, or welfare; and
> 3. For zoning ordinance map amendments:
>     a. The subject property meets the minimum dimensional standards of the proposed zoning district; and
>     b. The uses allowed under the proposed zoning district would be harmonious with and appropriate for the existing or intended character of the general vicinity and that such uses would not change the essential character of the same area; and
>     c. The effects of the proposed zone change upon the delivery of services by any political subdivision providing public services, including school districts, within Gem County's planning jurisdiction have been considered and no unmitigated adverse impacts upon those services will impose additional costs upon current residents of Gem County's planning jurisdiction.

G.C.C. § 11-15-4(B).

8

A rezone application may be conditionally granted upon the applicant's entry into a development agreement under Gem County Code section 11-15-8. G.C.C. § 11-15-8(A)(2). There are few substantive requirements for the contents of a development agreement; such agreements are only required to address the specific uses proposed for the property and the "proposed systems for water supply, sewage systems, and stormwater management." *See* G.C.C. § 11-15-8(B)(4).

As a threshold matter, the Board did not waive its challenge of this issue. Although this Court will not consider an issue which is not supported by argument and authority in the opening brief, *Berrett v. Clark Cnty. Sch. Dist. No. 161*, 165 Idaho 913, 929, 454 P.3d 555, 571 (2019), the thrust of the Board's argument on the issue is that the Board applied only what was required of it by Gem County Code section 11-15-4(B). In essence, the Board's argument is that this analysis required consideration of the impacted agencies' objections, which in turn required consideration of the contents of a development agreement. The Board has challenged the district court's determination that it was applying the criteria for subdivision applications rather than rezoning applications.

On appeal, the Board continues to characterize the letters from impacted agencies as objections related to unmitigated adverse impacts on Gem County's planning jurisdiction. The Board explains its references to a concept plan as a necessary part of drafting a sufficiently detailed development agreement, rather than relying on the lack of a concept plan to deny the rezoning application. The Rouwenhorsts have argued in response that the Board's errant reliance on subdivision criteria "clouded its consideration of the evidence in the record."

The Board did not utilize criteria inapplicable to a rezoning application in its decision. The Board's initial decision turned on its inability to make an affirmative decision on Finding 3(c). The Board later expanded on its decision, explaining at length how the objections received by impacted agencies—and the concern expressed by those opposing the rezone in the public hearing—factored into its inability to make a decision on Finding 3(c). The need to make an affirmative decision regarding Finding 3(c) was obviously applicable to the Rouwenhorsts' rezoning application. Further, the Board framed its concerns regarding the lack of a concept plan as part of its ability to draft an appropriate development agreement, something provided for in the rezoning application process and left to the Board's discretion. *See, e.g.*, G.C.C. § 11-15-8.

The distinction between a rezone application and a subdivision application is made evident by Gem County's ordinances. However, in discussing its inability to make a positive finding regarding Finding 3(c), the Board was looking ahead to the future development of the Property. This was an appropriate endeavor, despite the Rouwenhorsts' argument that doing so conflated subdivision and rezoning requirements. The Board properly considered what the Property could specifically be used for in the future because the Board is directed by Gem County Code section 11-15-4(B) to consider the future effects of the rezoning decision. G.C.C. § 11-15-4(B). Gem County Code section 11-15-8 also allows a Development Agreement to contain a "project description of the uses proposed for" the Property including "[t]he specific uses proposed for the property" as well as "[t]he proposed systems for water supply, sewage systems, and stormwater management." G.C.C. § 11-15-8(B)(4). Accordingly, the Board's decision was not arbitrary or capricious because it applied the appropriate standards for rezoning applications set out in Gem County Code 11-15-4.

**B. Substantial and competent evidence supports the Board's decision regarding Finding 3(c).**

The Board denied the Rouwenhorsts' application because it was unable to make an affirmative finding required by the rezoning ordinances in order to grant the application. The Board provided the following reasoning as a basis for its decision:

> The Board must consider the impact that rezoning of 696 acres into five acre parcels will have on the delivery of services by any political subdivision providing public services. The applicant points to the lack of response by particular subdivisions as being that they do not object or believe the rezone will impact them. The Board relies on the letter from the Idaho Transportation Department specifically objecting to the rezone based on access concerns, most specifically that Idaho Boulevard to the north is a private road and is currently not permitted and that the two existing field approaches onto Highway 52 have not been properly permitted.
>
> The Board also relies on the letter from Gem County Road and Bridge dated September 27, 2018, pertaining to the requirement that adjacent county roads shall have an engineered traffic study when a concept plan is submitted. Testimony from Gem County Road and Bridge Supervisor, Neal Capps, was that without a concept plan, the specific requirements for a traffic study and what would be required cannot be formulated. The Board is concerned about the current Capital Improvement Plan and whether the Structure and funding would sufficiently cover a development of this size. Mr. Capps testified that no easement exists from the north western portion of the applicant property for access via Van

10

Deusen Road (county road). The lack of access to a rezoned parcel is of concern for the Board.

The Board concluded that the Rouwenhorsts had not provided sufficient detail about their plans for the Property which would "allow[ ] the Board to draft a Development Agreement sufficient to ensure that there would be no demonstrable adverse impacts upon the delivery of services."

On judicial review, in addition to reversing the Board's decision on the basis that its decision was arbitrary or capricious, the district court also found that the Board's decision was not supported by substantial and competent evidence. On appeal, the Board argues that it relied on the objections made by the impacted agencies and individuals to deny the Rouwenhorsts' rezone application. The Board first argues that the public's comments raised concerns about access to the property. The Board then points out that the Idaho Transportation Department (ITD) objected to the application based on access issues. The Board continues by listing the commissioners' concerns about road expansion and maintenance and argues that a "rezone 'signals' a new use of the property." The Board concludes by noting that the evidence indicated "there would be an unmitigated impact on the delivery of services, specifically roadways."

In response, the Rouwenhorsts argue that ITD's objection was based entirely on unpermitted access, and that there was no connection between this lack of access and the provision of services by ITD to the rest of Gem County. The Rouwenhorsts further contend that testimony from the Gem County Road and Bridge Department supervisor established that there would be no fiscal impacts to the county upon rezoning. The Rouwenhorsts argue that the evidence before the Board only supported a finding by the Board that there were no unmitigated costs to be borne as a result of rezoning the Property. *See* G.C.C. § 11-15-4(B). Further, the Rouwenhorsts contend that the Board's view of the evidence was clouded by its treatment of the rezone application as a subdivision application.

This case presents a unique challenge in that we are asked to review the Board's *inability* to make an affirmative finding of fact which was required to approve the Rouwenhorsts' rezone application. Further complicating the issue is that the Board's concerns regarding Finding 3(c) were critical to its decision that there was insufficient evidence presented which would enable it to draft a development agreement meeting those concerns. The sufficiency of a development agreement is undeniably a discretionary decision for the Board. *See Price*, 131 Idaho 426, 431, 958 P.2d 583, 588 (1998). A development agreement is a written commitment concerning the

11

use or development of the subject parcel. *See* I.C. § 67-6511A. The Board expressly linked the insufficiency of the Rouwenhorsts' submission to its inability to make an affirmative determination regarding Finding 3(c). The Board maintains the Rouwenhorsts' lack of specificity regarding the property's future development rendered it difficult, if not impossible, for the Board to enter into an appropriate development agreement. The question before this Court is whether there is substantial and competent evidence to support the Board's determination that it was unable to make the required affirmative finding.

We begin our analysis with the recognition that "[t]his Court will defer to the board's findings of fact unless the findings are clearly erroneous; these factual determinations of the board are binding on a reviewing court when supported by substantial and competent evidence in the record, even if there was conflicting evidence before the board." *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 307, 281 P.3d 1076, 1085 (2012). "Substantial and competent evidence is less than a preponderance of evidence, but more than a mere scintilla." *Cowan v. Bd. of Comm'rs of Fremont Cnty.*, 143 Idaho 501, 517, 148 P.3d 1247, 1263 (2006) (citation omitted). "Substantial and competent evidence need not be uncontradicted, nor does it need to necessarily lead to a certain conclusion; it need only be of such sufficient quantity and probative value that reasonable minds could reach the same conclusion as the fact finder." *Id.* (citation omitted).

To approve a rezone application, the Board needed to make the following affirmative finding as required by G.C.C. section 11-15-4(B)(c) (Finding 3(c)):

> The effects of the proposed zone change upon the delivery of services by any political subdivision providing public services, including school districts, within Gem County's planning jurisdiction have been considered and no unmitigated adverse impacts upon those services will impose additional costs upon current residents of Gem County's planning jurisdiction.

In other words, the Board needed to conclude there would be "no unmitigated adverse impacts" (i.e., whether the citizens of Gem County would have to incur additional costs) if the rezone were approved.

At the outset, it is also important to remember that "[t]here is strong presumption that the zoning board's actions were valid and that it has correctly interpreted its own zoning ordinances." *Hawkins*, 151 Idaho at 231, 254 P.3d at 1227. The Board was presented with concerns raised by two impacted agencies: Idaho Transportation Department and the Gem

12

County Road and Bridge Department. The most pertinent testimony regarding this application came from the Director of Gem County's Road and Bridge Department, Neal Capps. While Capps' testimony may not be the model of clarity, he does indicate that if the rezone were approved, substantial improvements, including widening, would need to be done on Van Deusen Road and that the CIP fund for dealing with this required infrastructure improvement contained only $4,400. This testimony, by itself, constitutes more than a scintilla of evidence to support the Board's determination that the Rouwenhorsts failed to prove that there would be no unmitigated expense to the public if the property were rezoned. In essence, the rezone was fraught with uncertainty as far as ascertaining any future expense to Gem County was concerned. Capps wanted a traffic study to be performed in order to more accurately assess the prospective fiscal impact. Without one, it is difficult to conclude the impact fees would cover the future costs of the rezone. In addition, the Board pointed to the public's concerns, the objections made by ITD, and the commissioners' concern about an increase in roadway costs.

The Rouwenhorsts argue that ITD's concerns can and should be addressed in the future. However, that is precisely the opposite of what needs to be addressed before property is rezoned. Details, such as basic access to the property, need to be addressed before property is rezoned. The fact remains that two public entities, the Idaho Transportation Department and the Gem County Road and Bridge Department, objected to the rezone until their concerns had been addressed. As a result, we hold the Board's determination regarding Finding 3(c) is supported by substantial and competent evidence. The provision requires an affirmative finding by the Board in order to approve the rezone. The Board could not make such a finding and therefore its decision is supported by substantial and competent evidence.

As a final observation, it should be noted that the district court concluded that the Board was requiring a "robust development plan" or "robust concept plan" in order to approve the rezone application. This conclusion is not supported by substantial and competent evidence. While the Board indicated its determination would have been aided by a robust development plan, it did not base its rejection of the rezone on the grounds that a robust plan had not been provided. Rather, the Board's findings and conclusions indicate that the lack of information provided in the application made it difficult to conclude that there would not be unmitigated adverse consequences the cost of which the current residents would have to bear. Without such a showing by the applicants, the Board was within its discretion to reject the rezone. Put

13

differently, the information provided was simply bare bones and therefore insufficient for the Board to make the affirmative finding that there would not be adverse financial consequences as a result of the rezone. The lack of information provided certainly made it more difficult for the Board to approve the rezone. While a "robust" plan would have aided the Board in its determination, it was not the lack of a "robust" plan that resulted in the rezone being rejected. It was the sparseness of the information in the application. There simply was insufficient information contained in the application to enable the Board to make an affirmative determination regarding Finding 3(c). While we understand that the Board's decision could be read differently, we do not find the Board's determination in this regard clearly erroneous. The district court erred in concluding otherwise and replacing the Board's determination with its own.

Because we find no error in the Board's decision, it is unnecessary to analyze whether the Rouwenhorsts' substantial rights were prejudiced. *See* I.C. § 67-5279(4).

### C. The district court's award of attorney fees under Idaho Code section 12-121 was improper because the Board acted with a reasonable basis in fact and law.

On appeal to the district court, the Rouwenhorsts sought an award of attorney fees under Idaho Code sections 12-117(1) and (2), and cited *Lane Ranch Partnership v. City of Sun Valley*, 145 Idaho 87, 175 P.3d 776 (2007). After determining that the Board's decision was in error and violated the Rouwenhorsts' substantial rights, the district court granted the Rouwenhorsts' request for attorney fees under Idaho Code section 12-117(1), holding that the "Board failed to follow its own ordinances, and acted without a reasonable basis in fact or law by requiring a concept and by considering the wrong legal standard." The Rouwenhorsts requested attorney fees in the amount of $23,575.00. The Board objected, arguing that there was duplication of effort that rendered the Rouwenhorsts' requested attorney fees unreasonable. The district court ruled that an award of attorney fees in the amount of $15,441.70 was reasonable.

On appeal, the Board argues that the district court erred in awarding the Rouwenhorsts attorney fees under Idaho Code section 12-117(1) because the Board acted with a reasonable basis in fact and law and applied the appropriate legal standards.

Idaho Code section 12-117(1) provides that

in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party

14

reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). This Court reviews an award of attorney fees under Idaho Code section 12-117(1) for an abuse of discretion. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012). "Failing to demonstrate that an abuse of discretion occurred under any part of the test . . . is fatal to [an] argument that the [trial] court abused its discretion." *Smith v. Smith*, 167 Idaho 568, 584, 473 P.3d 837, 853 (2020) (alteration in original) (quoting *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 332, 429 P.3d 855, 873 (2018)).

We disagree with the district court's conclusion that the Board acted without reasonable basis in fact or law. Because the Board applied the correct legal criteria, the Board acted with a reasonable basis in law under Idaho Code section 12-117(1). Because we also conclude the Board's findings relating to Finding 3(c) were supported by substantial and competent evidence, the Board acted with a reasonable basis in fact. *See* I.C. § 12-117(1). As a result, the district court's order awarding the Rouwenhorsts attorney fees is vacated.

**D. Costs, but not attorney fees, are awarded on appeal.**

The Board did not request attorney fees on appeal. However, the Rouwenhorsts requested attorney fees on appeal. The Rouwenhorsts again rely on Idaho Code section 12-117(1), and argue that the Board acted without reasonable basis in fact or law in its appeal because it failed to address all of the district court's grounds for reversing the Board's decision.

As set forth above, Idaho Code section 12-117(1) provides that attorney fees may be awarded to a prevailing party if the court "finds that the nonprevailing party acted without reasonable basis in fact or law." I.C. § 12-117(1). Here, the Board is the prevailing party, so the Rouwenhorsts are not entitled to attorney fees.

Because the Board prevailed in this appeal, it is entitled to costs as a matter of right. *See* I.A.R. 40.

### IV. CONCLUSION

For the previously stated reasons, this Court reverses the district court's decision which reversed the Board's denial of the proposed rezone. The order awarding attorney fees below is vacated. No attorney fees are awarded on appeal, but the Board is awarded its costs as it is the prevailing party.

Chief Justice BEVAN, Justices BURDICK, BRODY, and MOELLER CONCUR.